Taylor, C. J.
Usury is, in a peculiar degree, an of-fence of positive law ; because the rate of interest depending upon local and domestic considerations, is established *192 in every country, with a single view to its own advantage, ^ is accordingly different nearly in all the States by which this is bounded, and hence it would be equally mischie-? vous in practice and absurd in principle to test a transaction occurring in one State by the standard of criminality established in another. From the facts in this case, it is evident, that the penalty was not incurred in this State, for the illegal ^nteresJS was not actually received until the Defendant obtained possession of the land, even upon the supposition that'the usury was then complete. But this might admit of doubt, if it were necessary to enter into that question, considering that the right of redemption still remained in the Plaintiff. I cannot think that any difference i& made in the case by the circumstance of the parties being citizens of this ¡State and making the corrupt agreement here. There are some opinions to the contrary, but the principle recognised ⅛ the common law is, that the criminal and penal laws of a State, haye force only within its limits, and are not obligatory upon persons in another government. This has been decided in this Sfttte, eyen where an Act of Assembly was passed for *^c FWlWffe of punishing a crime commi|ted out of the. State.*
I am, therefore, of opinion, that there ought to be a new trial. The rest of the Court concurred in awarding a new trial.

 State v. Knight 1799.